# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IDRIS ENLOW, | Civil Action No. 11 - 856 |
| Plaintiff, | |
| | District Judge David S. Cercone |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| JEFFREY A. BEARD, *et al.*, | |
| | ECF No. 37 |
| Defendants. | |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendant Juan Rueda, M.D. ("Dr. Rueda") (ECF No. 37) be granted. It is recommended that Plaintiff's Eighth Amendment claim against Dr. Rueda be dismissed without prejudice to his right to file an amended complaint but that his Americans with Disabilities Act claim be dismissed with prejudice as granting Plaintiff leave to amend would be futile.

**II.    REPORT**

Plaintiff, Idris Enlow ("Plaintiff") is a state prisoner who is currently incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania. Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 for events that arose while incarcerated in the Restricted Housing Unit ("RHU") at the State Correctional Institution at Mercer ("SCI-Mercer"). Generally, Plaintiff alleges that Defendants violated his rights under the Eighth Amendment to the United States Constitution and the Americans with Disabilities Act ("ADA") by giving him a top bunk

1

assignment despite a doctor's note granting him lower bunk status. He also asserts that Defendants failed to provide him with proper medical care when he fell out of the top bunk and sustained injuries.

Currently pending before the Court is the Motion to Dismiss filed by Dr. Rueda. (ECF No. 37.) Plaintiff filed a response in opposition to Dr. Rueda's motion. (ECF No. 54.) As such, the motion is now ripe for adjudication.

### A. Plaintiff's Allegations

Plaintiff alleges that while housed in the RHU at SCI-Mercer, he was approved for bottom bunk status by Dr. Rueda, a psychiatrist, due to a continuous problem of falling out of the bunk as a result related to mental illness. Plaintiff complains that he was subsequently given an order to move from the bottom bunk in M-19 cell to the top bunk in M-24 cell. He states that he informed the Sergeant that he was to have the bottom bunk but the Sergeant stated that he did not care. As a result, Plaintiff filed six Inmate Request Slips informing various staff of the problem. Plaintiff also claims that he filed a grievance regarding his bunk transfer in accordance with DOC policy.

Plaintiff alleges that on July 5, 2009, while sleeping on the top bunk, he fell from the bunk onto the floor. He contends he sustained serious injuries to his back, neck, head, arm, and legs and also suffered a bloody nose and swollen face. Plaintiff states that medical staff lacked immediate access to a stretcher, and when the stretcher arrived, the cell was not accessible for a stretcher. As a result, Plaintiff was placed on a blanket and dragged out of his cell causing him pain and anguish. He states that he was confined to a wheel chair for a period of time and had to wear a back brace.

Plaintiff contends that when he started complaining about the incident, he was placed in a "camera cell" in retaliation for his complaints. He states that he was forced to "wash up and use the toilet in view of the camera, which made [him] embarrassed and shameful."

As to Dr. Rueda, Plaintiff's only complaint is that he sent him an Inmate Request Slip following his bunk transfer asking him to intervene in "the dangerous matter" but that Dr. Rueda failed to respond.

### B. Standard of Review

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. Id. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gills, 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

**C. Discussion**

Plaintiff claims violations of the Eighth Amendment and the ADA when he sent Dr. Rueda an Inmate Request Slip concerning "the dangerous matter" regarding his bunk transfer and Dr. Rueda "failed to act in an attempt to prevent a dangerous situation and/or injury." Dr. Rueda moves to dismiss Plaintiff's Complaint on the ground that it fails to state a claim against him as a matter of law.

**1. Eighth Amendment**

Dr. Rueda asserts that Plaintiff has failed to state a claim for an Eighth Amendment violation. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). Deliberate indifference may be shown by intentionally denying or delaying medical care such that the prisoner is exposed to a sufficiently substantial risk of serious damage to his future health. Giles, 571 F.3d at 330; Farmer, 511 U.S. at 843; Estelle v. Gamble, 429 U.S. 97, 104 (1976). To be liable under the Eighth Amendment, a prison official must have known and disregarded an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "Under the deliberate indifference reckless standard, 'prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk.'" Giles, 571 F.3d at 330 (quoting Farmer, 511 U.S. at 844).

Only unnecessary and wanton infliction of pain or deliberate indifference to the serious medical needs of prisoners are egregious enough to rise to the level of a constitutional violation. *See* Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Deliberate indifference can be (1) intending to inflict pain on a prisoner, (2) denying reasonable requests for medical treatment that result in undue suffering or the threat of tangible residual injury, (3) knowing about the need for the inmate's medical care but intentionally refusing to provide such care, (4) delaying necessary medical treatment for non-medical reasons, and/or (5) providing an easier and less efficacious treatment to the inmate. *See* Spruill, 372 F.3d at 235; Monmouth Count Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Neither allegations of medical malpractice, negligence, nor disagreement as to the proper medical treatment are sufficient to establish a constitutional violation. *See* Spruill, 372 F.3d at 235.

Essentially, Plaintiff alleges that Dr. Rueda was deliberately indifferent to a substantial risk of serious harm because he ignored Plaintiff's Inmate Request Slip wherein Plaintiff advised Dr. Rueda that he was forced to move from a bottom bunk to a top bunk. However, while Plaintiff alleges that Dr. Rueda did not respond to his Inmate Request Slip he does not allege that Dr. Rueda actually received the request slip and intentionally ignored it or was in any way aware of Plaintiff's situation involving the transfer of bunk status. As such, there is no indication that Dr. Rueda actually knew of and disregarded a substantial risk of serious harm to Plaintiff's health and safety. *See* Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) ("The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should havewill do been aware.") Therefore, Plaintiff has not stated an Eighth

Amendment claim against Dr. Rueda. However, as it is unclear that leave to amend would necessarily be futile, dismissal should be without prejudice.[1]

## 2. Americans with Disabilities Act ("ADA")

Plaintiff asserts that he is also raising a claim under the Americans with Disabilities Act ("ADA"). However, Plaintiff provides no facts in support of his claim for violation of the ADA nor does he allege which Defendants violated the ADA. Nevertheless, to the extent Plaintiff raises such a claim against Dr. Rueda, his claim must be dismissed.

Under Title II of the ADA, "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In order to establish a violation under Title II, Plaintiff must demonstrate: (1) that he is a qualified individual; (2) with a disability; and (3) that he was denied the opportunity to participate in or benefit from the services, programs, or activities of a public entity, or was otherwise subject to discrimination by that entity; (4) by reason of his disability. Bowers v. National Collegiate Athletics Association, 475 F.3d 524, 553 n.32 (3d Cir. 2007).

"State prisons fall squarely within the statutory definition of 'public entity'" under Title II, and therefore this provision applies to state prisoners such as Plaintiff while they are incarcerated. Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206, 210 (1998). However, an ADA claim under Title II may be brought only against a public entity, which, in this case is the DOC. Individual defendants cannot be held liable under the ADA. Miller v. King, 384 F.3d 1248, 1277 (11th Cir. 2004); Garcia v. S.U.N.Y. Health Sciences Ctr. of

---

[1] In dismissing this claim, the Court is mindful of the fact that *pro se* pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and *pro se* litigants are to be granted leave to file a curative complaint even when they do not seek leave to do so, "unless an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); George v. Pennsylvania Dept. of Corrections, No. 3:CV-09-1202, 2010 U.S. Dist. LEXIS 23116, at *24 (M.D. Pa. March 11, 2010); Yeskey v. Commonwealth, 76 F. Supp. 2d 572, 575 (M.D. Pa. 1999). As a result, Plaintiff's ADA claim against Dr. Rueda, to the extent he brings such a claim, is not cognizable under the ADA and must be dismissed with prejudice.

### III.  CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by Defendant Juan Rueda, M.D. ("Dr. Rueda") (ECF No. 37) be granted. It is recommended that Plaintiff's Eighth Amendment claim against Dr. Rueda be dismissed without prejudice to his right to file an amended complaint but that his Americans with Disabilities Act claim be dismissed with prejudice as granting Plaintiff leave to amend would be futile.

Because of the time allowed for objections to this Report as set forth below, Plaintiff shall wait to file his amended complaint until the Court so orders him to do so. It is recommended that, should Plaintiff fail to file an amended complaint within the time specified in the forthcoming order, the Court should enter an order dismissing Plaintiff's Complaint against Dr. Rueda with prejudice.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B)&(C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: April 2, 2012

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Idris Enlow
GT 9815
S.C.I. Forest
PO Box 207
Marienville, PA 16239

Counsel of record.